LODG'D

1999 DEC 30 P 4:35

FILED ____ LODGED
RECEIVED ____ COPY

JAN 6 2000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION )<br>)<br>Plaintiff, )<br>)<br>)<br>WILLIAM DARNELL AND JEREMY FASS, )<br>)<br>Intervenors, )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC., )<br>)<br>Defendant. )<br>_____) | No. CIV 98-276 TUC WDB<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission") filed this action against the Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") to enforce Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. ("the ADA"). The Court granted Jeremy Fass and William Darnell leave to join this action as Plaintiff Intervenors. In the complaints filed by the Commission and Plaintiff Intervenors, the Commission and Plaintiff Intervenors alleged that Wal-Mart discriminated against Jeremy Fass and William Darnell by refusing to hire them because of their disabilities and the need for job-related accommodations. The Commission also

alleged in an amended complaint that Wal-Mart violated regulations regarding retention of records following the institution of charges of discrimination under the ADA. Wal-Mart denies these allegations.

The parties being aware of the risks, uncertainties and costs of continued litigation are now desirous of resolving the claims asserted in this action. The parties do not object to the jurisdiction of the Court over this action and waive a hearing and the Entry of Findings of Fact and Conclusions of Law.

It is **ORDERED, ADJUDGED AND DECREED**:

1. This Decree resolves all claims arising out of the issues between the Commission, Plaintiff Intervenors and Wal-Mart in this lawsuit, including without limitation back pay, compensatory and punitive damages, injunctive relief, costs and attorney's fees. The decree, being entered with the consent of the EEOC, Intervenors and Wal-Mart, shall not constitute an adjudication and/or finding on the merits of the case and shall not be used as evidence of liability, rejudication, or collateral estoppel in any proceeding against Wal-Mart. The entering into of this decree is not intended to imply liability against Wal-Mart for violations of the ADA, or absence of liability.

2. Wal-Mart recognizes its on-going obligations to a) not discriminate against persons on the basis of deafness in the hiring and accommodation process pursuant to the ADA process; and b) to retain records during the pendency of a charge of discrimination and litigation, pursuant to 29 C.F.R. § 1602.14.

**RELIEF TO JEREMY FASS AND WILLIAM DARNELL**

3. By agreement and consistent with the terms of this decree, with judgment

against Wal-Mart and in favor of William Darnell and Jeremy Fass, Wal-Mart will pay Jeremy Fass and William Darnell each $66,250 which is allocated as the following: $20,000 as back wages; $40,000 as non-pecuniary compensatory damages; and $6,250 as interest. Wal-Mart will mail to the Arizona Center for Disability Law, via certified mail, checks made payable to Jeremy Fass and William Darnell in the amount of $33,125 no later than December 28, 1999 to both Jeremy Fass and William Darnell. This amount is allocated as $10,000 in back wages; $20,000 in non-pecuniary compensatory damages; and $3,125 as interest. Wal-Mart will mail to the Arizona Center for Disability Law, via certified mail, checks in the amount of $33,125 no later than January 31, 2000 made payable to Jeremy Fass and William Darnell which will be allocated in the same manner. The employees' FICA and federal and state withholding taxes at the rate of 20% shall be deducted from the checks that are designated as back wages. Wal-Mart will pay the employer's share of FUTA and FICA on the back pay amounts and will not deduct it from the settlement amount. No taxes will be withheld from the amount allocated as compensatory damages.

4.   Within thirty (30) days of the date of the entry of the decree, Wal-Mart will perform an accounting to calculate the amount Jeremy Fass and William Darnell would have earned in the profit sharing plan offered to associates had they been hired on September 1, 1995 through the date of their employment or the date of offer of employment if employment is not accepted and will furnish a copy of the accounting to the Plaintiff Intervenors' attorney. Within thirty (3) days of the accounting, consistent with the terms and conditions of the profit sharing plan, Wal-Mart will credit the accrued

3

sums of all profit sharing moneys due under the profit sharing plan to the profit sharing accounts of William Darnell and Jeremy Fass to be paid upon resignation or termination. In the event either William Darnell and/or Jeremy Fass do not accept the position of stocker or unloader, consistent with the terms and conditions of the profit sharing plan Wal-Mart will mail a check made payable to that individual(s) within thirty (30) days to the Arizona Center for Disability Law for an amount equivalent to the credited sums of all profit sharing moneys due to them under the profit sharing plan had they been hired effective September 1, 1995.

5.  Within thirty (30) days of the date of entry of the decree, Intervenors agree to submit documentation of any out-of-pocket medical expenses they have respectively had since December 1, 1995, consistent with the terms and conditions of Wal-Mart's health insurance plans. Within thirty (30) days of the receipt of their respective documentation of medical expenses, Wal-Mart will pay Intervenors an amount equal to their respective out-of-pocket medical or dental expenses incurred to the extent that said expenses would have been covered, had they been hired by Wal-Mart with an effective health insurance coverage date of December 1, 1995.

6.  Within ten (10) days of the entry of this consent decree, Wal-Mart will mail to the Arizona Center for Disability Law, via certified mail, a check made payable to the Arizona Center for Disability Law in the amount of $57,500 for payment of the attorney's fees and costs of litigation.

7.  Simultaneous with the transmission of the checks sent pursuant to ¶ 3 (with an itemized statement of the deductions), ¶ 4 (if the amount is not paid to the

4

employee profit sharing plan) and ¶ 5 and ¶ 6, copies of the checks will be furnished to the Regional Attorney, Equal Employment Opportunity Commission, Phoenix District Office, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

8. Within fifteen (15) days of the date of the entry of the decree, Wal-Mart will offer employment to Jeremy Fass and William Darnell in a full-time position as overnight stocker or receiver/unloader at $8.00 per hour. Jeremy Fass and William Darnell shall have thirty (30) days from the date of the job offer to accept the job offer. Jeremy Fass shall be employed at a Wal-Mart store located in Mesa, Arizona and William Darnell shall be employed at a Wal-Mart store located in Tucson, Arizona.

9. After completion of the 90 day probationary period, Jeremy Fass and William Darnell will be awarded the effective corporate service date of September 1, 1995 which date will be the basis for determining their entitlement to wages and benefits, consistent with all applicable Wal-mart policies and procedures for hourly employees. Wal-Mart will enroll William Darnell and Jeremy Fass in any and all benefits, including but not limited to health and dental benefits effective the first day of employment.

10. Consistent with its established lawful policies and practices of non-discrimination, Wal-Mart will continue not to retaliate against any witness in this case, including the Plaintiff Intervenors, and will continue to make its employment decisions concerning the witnesses on a non-discriminatory basis. Jeremy Fass and William Darnell will be subject to the same policies and procedures as other similarly-situated Wal-Mart employees.

## Accommodations

11. On the first day of employment respectively for William Darnell and Jeremy Fass, Wal-Mart will provide William Darnell and Jeremy Fass with an in-store pager for use to receive messages and information that would typically be provided through the public address system of the store.

12. During orientation and training, William Darnell and Jeremy Fass will be provided with a qualified and certified sign language interpreter for the two week training and orientation program. The interpreter will be available to translate all training videos, and all required Computer Based Learning ("CBL") modules listed in the current unloader training plan (or stocker training plan, depending upon the position for which each is hired), as well as information from store employees conducting training and orientation.

13. Wal-Mart shall provide an interpreter for William Darnell and Jeremy Fass during (1) any staff meetings and group training planned in advance of twenty four (24) hours, (2) any meetings to discuss performance, the initial 90 day evaluation and subsequent annual evaluation, and (3) at other times as requested by William Darnell and Jeremy Fass during the course of their employment with Wal-Mart. When Wal-Mart conducts a staff meeting that was not planned in advance of twenty four (24) hours that William Darnell or Jeremy Fass should attend, Wal-Mart will provide the information in an alternate format, including but not limited to a written memorandum or a typed message via the computer.

14. Within thirty (30) days of the date of the entry of this consent decree, Wal-

Mart shall review and amend its emergency evacuation procedures at the stores where Jeremy Fass and William Darnell are hired to ensure that there is an alternative procedure, other than announcements through the public address system, for notifying William Darnell and Jeremy Fass of emergency and evacuation procedures, including but not limited to exiting the building or an area during an emergency.  Within thirty (30) days of the date of the entry of the decree, Wal-Mart further will install flashing visual alarms at the stores in which Jeremy Fass and William are hired at every fire exit which does not currently have a flashing visual alarm.

15. Wal-Mart shall notify the Regional Attorney of the EEOC and Plaintiff Intervenor's attorney in writing five (5) business days before taking disciplinary action or terminating William Darnell or Jeremy Fass from their employment with Wal-Mart during the term of this Consent Decree.  Wal-Mart will not take any disciplinary action against Plaintiff Intervenors until notice has been provided to Plaintiffs' counsel and the decision has been reviewed by the office of Wal-Mart's Corporate Legal Office and with Plaintiffs' counsel.  If the alleged conduct would typically warrant immediate termination, Wal-Mart will suspend the employee until the notice and review has occurred.

16. Except as provided otherwise in this decree, any and all action concerning Plaintiff Intervenor William Darnell and Jeremy Fass will be taken in accordance with Wal-Mart policies and procedures.

### Accessibility to Training Materials

17. Within sixty (60) days of the date of the entry of this decree, Wal-Mart

7

will encode a set of all of the general training videos and specialized training videos for the entry positions at Wal-Mart with either closed or open captioning for use by employees who are deaf or hard of hearing. Immediately upon completion of the encoding of the training videos covered in this ¶, Wal-Mart will distribute a notice through the company wide computer updates. The content of the notice will include that the closed or open captioned videos are available to the stores and must be requested by the stores if there is an employee who is hard of hearing or deaf and the contact person and procedure for requesting a copy of the captioned training videos.

18. Within sixty (60) days of the date of the entry of this decree, Wal-Mart will develop a set of CBL modules in an alternative format for a sign language version of the information of the CBL modules for use by employees who are deaf and use American Sign Language ("ASL"). Immediately upon the completion of the alternative format in this ¶, Wal-Mart will distribute a notice through the company wide computer updates about the accessible CBL modules. The content of the notice will include that the alternative format CBL is available and must be obtained by the stores if there is an employee who is hard of hearing or deaf and the contact person and procedure for ordering the ASL accessible CBL modules.

### Installation of TTY

19. Within sixty (60) days of the date of entry of the decree, Wal-Mart Stores will install a teletype telephone (TTY) for use by applicants and employees who are deaf, at the discretion of Wal-Mart, in either the Personnel office or the Customer Service counter of the Wal-Mart stores where Jeremy Fass and William Darnell are hired.

8

Immediately upon installation of the TTY, Wal-Mart will provide a training to all personnel who answer the telephone in the area where the telephone is installed. The training will include information about how to recognize a TTY call, operation of the TTY, common abbreviations used when using the TTY, and TTY courtesy.

**Non-Discriminatory Hiring Procedures**

20.  Within thirty (30) days of the date of the entry of the decree, Wal-Mart Store 1291 will resume providing a face-to-face prescreening of all applicants for employment in which the prescreening form is completed. Wal-Mart will provide a memorandum to all employees in the Personnel Office informing them of the requirement to do face-to-face prescreening of all applicants.

21.  Wal-Mart will modify its existing policy on reasonable accommodation to include a procedure for an applicant or employee to follow when requesting an accommodation and for management and personnel to follow to obtain approval of the accommodation. The policy will be modified within sixty (60) days of the date of the consent decree.

22.  Wal-Mart shall revise its current records retention policy to reflect that all records relevant to a charge of discrimination filed under the ADA are retained and not destroyed until the conclusion of the charge and lawsuit, if a lawsuit is filed. Specifically, Wal-Mart shall modify its current records retention policy to retain applications and hiring materials of persons who applied at Wal-Mart in the same and similar positions of charging parties who file charges of discrimination with the Commission until the conclusion of the charge and lawsuit, if a lawsuit is filed. Wal-

Mart further agrees that when a letter is sent to a store to obtain information about a charge of discrimination, the paralegal sending the letter will include notice to the store that all records relevant to the charge must be maintained until pendency of the lawsuit.

23. Wal-Mart will post a notice in a conspicuous location at the Personnel Office and any other location where applications are distributed in the Tucson, Phoenix, and Green Valley stores. The notice will state: "Please advice us if assistance in the application or hiring process is needed to accommodate a disability."

24. Within sixty (60) days of the date of this decree, Wal-Mart agrees that its store managers in Tucson, Phoenix, and Green Valley will meet with local job developers who specialize in placing people who are a deaf or hard of hearing in employment at a mutually convenient time and place to discuss the jobs that may be available, the hiring process at Wal-Mart, and the procedure for applicants to request necessary accommodations for the application process.

25. Within thirty (30) days of the date of this decree, the Wal-Mart stores in which Jeremy Fass and William Darnell are hired will contact Community Outreach Program for the Deaf and Valley Center for the Deaf (or alternative interpreter service) to make necessary arrangements to use the qualified and certified interpreter services for employees and applicants who are deaf.

**Staff Training and Development**

26. Wal-Mart will provide training on the subjects of: non-discrimination in hiring and recruitment procedures; request procedures for provision of reasonable accommodations; review of reasonableness of requests for accommodations; and typical

10

accommodations for people with disabilities working in entry level positions at Wal-Mart; awareness of issues affecting employees and applicants who are deaf and hard-of-hearing individuals; an overview of the differences between English and ASL; communication techniques with persons who are deaf or hard of hearing, common accommodations in communication, evaluating whether accommodations provide effective communication, use of the TTY; and communication strategies for people who are deaf and hard of hearing required for safety in emergency situations.

    a.    The portion of the training related to the legal requirements of the ADA will be conducted by Wal-Mart's in-house legal counsel, Canetta Ivy. The remaining portions of the training which deal specifically with issues affecting applicants and employees who are deaf and hard-of-hearing in the workplace will be conducted by a trainer selected by Wal-Mart from a list of three individuals knowledgeable about these subjects submitted by Plaintiff Intervenors. The trainer(s) will use the training syllabus attached and incorporated by reference as Exhibit A to this Consent Decree.

    b.    The training will be provided to the store managers, assistant managers, and personnel managers for stores in Tucson, Phoenix and Green Valley as well as the regional personnel manager and district manager(s) for Tucson, Phoenix and Green Valley. Wal-Mart may at its election have duplicative sessions to accommodate staffing needs and to preserve the training for use at other stores where employees who are deaf or hard of hearing may be hired. Wal-Mart will be responsible for any additional costs to provide

11

such duplicative sessions.

c. The seminar-training will be conducted for the benefit of all of the individuals set forth in paragraph b within 180 days of the entry of this decree.

d. The seminar/training sessions will be no less than 3 ½ hours of instruction. All personnel, designed in paragraph a will both register and attend the seminar-training session. The registry of attendance shall be retained by Wal-mart for the duration of the decree.

e. Wal-Mart agrees to videotape those portions of the training sessions which deal specifically with issues affecting applicants and employees who are deaf and hard of hearing in the workplace. Wal-Mart agrees to require the co-workers of Jeremy Fass and William Darnell to view the videotape within thirty (30) days of the date of the consent decree. Wal-Mart also agrees to incorporate this videotape as part of the new-hire orientation for those employees working with Jeremy Fass and William Darnell.

### Notice of ADA Rights

27. Pursuant to an agreement between Wal-Mart, EEOC, and the Plaintiff Intervenors, Wal-Mart will post the Notice contained in the attached Exhibit B in the stores where Jeremy Fass and William Darnell are hired, in Store 1141 and Store 1291. The Notice will be posted in an appropriate place frequented by employees, for the duration of this decree, the Notice contained in Exhibit B, attached. The Notice shall be the same type, size and style and Exhibit B.

12

### Affidavit of Compliance

28. Wal-Mart will report in writing and in affidavit form to the Commission on a semi-annual basis within six (6) months from the entry of this decree as follows. The affidavit shall attest that Wal-Mart has taken the action required with each and every provision of this Consent Decree.

29. The Commission upon reasonable notice shall have the right to enter and inspect Wal-Mart's premises to ensure compliance with this decree and federal anti-discrimination laws.

30. The duration of this decree shall be eighteen (18) months from the date of its entry.

31. Except as set forth in ¶ 6, the parties shall bear their respective attorneys' fees and costs incurred in this action up to the date of entry of this decree.

32. This Court shall retain jurisdiction of this action for a period of eighteen (18) months after entry of the decree. This decree shall expire by its own terms at the end of eighteen (18) months after entry of the decree, without further action by the parties.

33. The Commission or Plaintiff Intervenors may petition this Court for compliance with this decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Wal-Mart has not complied with this decree, appropriate relief, including extension of this decree for such period as may be necessary to remedy its non-compliance may be ordered.

34. The parties agree to the entry of this decree subject to final approval by the Court.

35. This Consent Decree may be executed by the parties in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

**ENTERED** this 6 day of January, 1999.

The Honorable William D. Browning
Senior Judge, U.S. District Court

**APPROVED AND CONSENTED TO:**

Richard R. Trujillo
Regional Attorney

Mary Jo O'Neill
Supervisory Trial Attorney

P. David Lopez
Trial Attorney

Equal Employment Opportunity Commission
3300 North Central Ave., Suite 690
Phoenix, AZ 85012
(602) 640-5016
Attorneys for Plaintiff EEOC

14

1  _____
   Rose A. Daly-Rooney
2  Staff Attorney
3  ARIZONA CENTER FOR DISABILITY LAW
   3131 North Country Club, Suite 100
4  Tucson, Arizona  85716
   (520) 327-9547
5  Attorney for Plaintiff Intervenors

6

7

8
   _____
9  Gregory S. Muzingo
10 Senior Corporate Litigation Counsel
   WAL-MART STORES, INC.
11 702 S.W. 8th Street
12 Bentonville, AK  72716-8095

13 Steven D. Wheeless
   STEPTOE & JOHNSON
14 Two Renaissance Square, Suite 2400
15 40 North Central Avenue
   Phoenix, Arizona 85004
16 Attorneys for Defendant
   Wal-Mart Stores, Inc.
17

18

19

20

21

22

23

24

25

26

27
                                        15
28

A

Exhibit A: Training Outline

## An Overview of the Employment Protections of the ADA

I. **COVERAGE**

    A. Introduction to the ADA: Congressional purpose and findings

    B. What employers are covered?

    C. Who is protected?

        1. Qualified Individual with a Disability (3 definitions)

            a. **Disability**
- i. Statutory definition and relevant regulations
- ii. Recent Supreme Court decisions about mitigating factors: Positive and negative effects of medication and mitigating measures taken into consideration
- iii. Examples of persons covered, including deafness

            b. **Qualified**
- i. Statutory definition and relevant regulations
- ii. Recent Supreme Court decision about Social Security applications and effect upon ADA claims

        2. Protections for Persons because of Association with a Person with a Disability

        3. Protections for Persons because of Retaliation

            a. Elements of retaliation
            b. Protected activity: Opposition
            c. Protected activity: Participation
            d. Adverse action
            e. Connection between the adverse action and protected activity

II. **DISABILITY-RELATED QUESTIONS AND MEDICAL EXAMS**

    A. What is a disability-related question?

    B. What is a medical examination?

    C. Three Stages of Employment

    D. Background and Reference Checks: Third Party Requests for Information

    D.    Rules for the Stages of Employment

    E.    Confidentiality requirements of ADA

    F.    Use of non-discriminatory recruitment and hiring procedures in advertising, screening, and interviewing applicants

        1.    Provisions of accommodations during hiring phase
        2.    Examples of accommodations that may be needed during hiring phase

III.    **REASONABLE ACCOMMODATIONS**

    A.    What is an accommodation?

        1.    Definition
        2.    Examples of accommodations

    B.    When are accommodations required?

        1.    During hiring phase
        2.    For performance of job functions
        3.    For employees to enjoy the benefits and privileges of employment

    C.    Types of accommodations that may be required.

    D.    General Process for obtaining accommodations:

        1.    Request
        2.    Medical documentation, if necessary
        3.    Interactive process for determining an effective accommodation.

    E.    Resources for determining accommodations

        1.    Rehabilitation Services Administration/Client Assistance Program
        2.    Industrial Commission Special Fund
        3.    Tax Credit
        4.    Job Accommodation Network
        5.    Local Mental Health Agencies

    F.    Company Procedures for addressing accommodation requests

        1.    Made at the time of hiring
        2.    Made after an individual has begun working



EXHIBIT B

## **NOTICE TO ALL EMPLOYEES**

This notice is posted pursuant to a Consent Decree entered into between Wal-Mart and the EEOC.

Disability discrimination in the workplace is against federal law, the Americans with Disabilities Act ("the ADA"). Under the ADA, it is unlawful for an employer to discriminate on the basis of disability in hiring or to fail to make a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless providing such an accommodation would impose an undue hardship on the employer.

Wal-Mart will make hiring decisions in a non-discriminatory manner and will make reasonable accommodation for the known disabilities of qualified individuals with disabilities, except when making such accommodation would cause undue hardship to its business.

If you believe you have been subjected to disability discrimination in the hiring process or during the course of your employment with Wal-mart you have the right to seek assistance from:

U.S. Equal Employment Opportunity Commission
3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 640-5000

or

Arizona Civil Rights Division
Attorney General's Office
400 W. Congress, Suite S-215
Tucson, AZ 85701
(520) 628-6500

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against on the basis of disability. No action may be taken against you by any management official of Wal-mart for: (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation brought under the ADA. Should any such retaliatory actions be taken against you, you should contact the EEOC or ACRD at the address listed above.

DATED: _____, 1999.